IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES M. MILLIKEN,

    Plaintiff,                      No. 2:10-cv-1412-JFM (PC)

    vs.

MR. LIGHTFIELD, et al.,         ORDER AND

    Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's first amended complaint, filed October 8, 2010. Plaintiff claims that his rights under the Eighth Amendment were violated by deliberate indifference to his health and safety. This matter is before the court on defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff opposes the motion.[1]

---

[1] On December 27, 2010, plaintiff filed a document styled as a motion to amend his opposition and to open discovery in this action. By this motion, plaintiff seeks leave to conduct discovery and to tender a further opposition to the motion to dismiss thereafter. A motion to dismiss for failure to state a claim tests the sufficiency of the allegations of the operative pleading, in this case plaintiff's first amended complaint, and does not include consideration of material outside the scope of that pleading. See Fed. R. Civ. P. 12(b)(6). For that reason, plaintiff's December 27, 2010 motion will be denied.

1

STANDARDS FOR A MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

ALLEGATIONS OF THE COMPLAINT

Plaintiff's complaint contains the following allegations. At all times relevant to this action, plaintiff was a state prisoner housed at California State Prison-Sacramento (CSP-Sacramento). Defendants D. Lightfield and J. Lewis were correctional sergeants at CSP-Sacramento and defendant Taylor was a plant operations supervisor with the California Department of Corrections and Rehabilitation (CDCR).

On or about July 1, 2009, a pipe chase between two cells in a housing unit at CSP-Sacramento started leaking several gallons of water per day. The water formed large puddles between the two cells. Plaintiff and two other inmates all made several verbal complaints to defendants Lewis and Lightfield. Each time they were told that "'work orders had been submitted' or 'it will be fixed soon.'" First Amended Complaint, filed October 8, 2010, at 3. Fifty-one days passed with no repair. Plaintiff and the other two inmates were subject to an infestation of mosquitoes, who bred in the stagnant water.

On August 20, 2009, one of the inmates filed an inmate appeal.  Defendant Lewis responded within hours that an emergency work order for leaking plumbing had been called in on August 7, and another at 8:00 on August 20, 2009.  Defendant Lewis' response also indicated that floor officers had noted the leak and placed it on the repairs list to be fixed.  On the same day, two plumbers came out to examine the leak.  They brought plastic bags and tape, which did not stop the leak.  On August 21, 2009, the leak was worse.  Plaintiff wrote to defendant Taylor detailing the problem and the absence of any effective repair work.

On more than one occasion, plaintiff requested to be moved to another cell but was told there was no cell space available.  On August 31, 2009, plaintiff slipped and fell in the water between the cells, injuring his right shoulder, left wrist, neck and back.  Plaintiff had to walk through the standing water to get to the showers and often opted to skip showers rather than risk injury by walking through the water.  The leak lasted ninety-eight days, causing plaintiff to miss many showers because he was afraid of injury.  As a result of the fall, plaintiff was unable, for months, to continue physical therapy for a prior back condition, and he remains limited in his activities.  He was also put on methadone for pain on September 4, 2009.  He suffers from neck pain on a daily basis, and needs a permanent brace on his left hand.  He is left handed, and has had significant difficulty writing since the fall.  Plaintiff seeks compensatory and punitive damages.

DEFENDANTS' MOTION

Defendants seek dismissal on the ground that there are no allegations in the first amended complaint that any of them acted with deliberate indifference to plaintiff's health or safety.  Specifically, defendants contend that (1) while one might infer that a reasonable person would know that standing water poses a risk of injury, that shows no more than negligence; (2) none of the defendants were escorting plaintiff when he slipped and fell; (3) exhibits attached to the first amended complaint show that defendants responded to the inmate grievance submitted on August 20, 2009 by requesting maintenance on the pipe, not with deliberate indifference; and

(4) with respect to defendant Taylor, he is sued in his supervisorial capacity and there are no facts in the first amended complaint sufficient to support liability against him in this capacity.

To state an Eighth Amendment claim based on deliberate indifference to safety, a plaintiff must allege two elements: that he was incarcerated under conditions posing a substantial risk of serious harm; and that the defendant was deliberately indifferent to that risk. Farmer v. Brennan, 511 U.S. 825, 834 (1994). "'Deliberate indifference' is [shown] only when "the official knows of and disregards and excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.'" Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (quoting Farmer, at 837).

In Osolinski v. Kane, 92 F.3d 934 (9th Cir. 1996), the United States Court of Appeals for the Ninth Circuit noted that prison inmates "'have a constitutional right to safe conditions of confinement.'" Id. at 938 (quoting Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir. 1985)). While "'[n]ot every deviation from ideally safe conditions amounts to a constitutional violation . . . the Eighth Amendment entitles inmates in a penal institution to an adequate level of personal safety.'" Osolinksi, id. (quoting Hoptowit, id.). In particular, allegations of conditions which "exacerbate[] the inherent dangerousness of already-existing hazards" or "render[] [an inmate] unable to 'provide for [his] own safety'" are sufficient to state a cognizable claim for relief. See Osolinski, id. (quoting Hoptowit, id.). The United States Court of Appeals for the Ninth Circuit has also held that "[s]lippery floors without protective measures could create a sufficient danger to warrant relief" where an inmate alleges facts which exacerbate the danger resulting from such conditions. Frost v. Agnos, 152 F.3d 1124, 1129 (9th Cir. 1998) (pretrial detainee on crutches presented triable issue of fact over whether slippery shower floors violated his constitutional rights).

Viewed in the light most favorable to plaintiff, as is required on this motion to dismiss, the first amended complaint states a cognizable claim for relief against defendants

Lightfield and Lewis. Plaintiff alleges that for fifty-one days, he and two other inmates repeatedly complained to defendants Lightfield and Lewis about the water, which was leaking several gallons a day, but no attempt to repair the leak was made for fifty-one days. During that time mosquitoes bred in the stagnant water. Plaintiff further alleges that each time they complained they were told that "'work orders had been submitted' or 'it will be fixed soon.'" First Amended Complaint, filed October 8, 2010. Plaintiff also alleges that the only way he could get to the shower was by walking through the water. The repair was not accomplished for ninety-eight days. These allegations are sufficient to support an inference that the conditions of plaintiff's confinement as a result of the leak may have violated the Eighth Amendment, and that defendants acted with deliberate indifference to the need to repair the leak.

Defendant Taylor contends that he is sued only in his supervisorial capacity and there are insufficient allegations of his personal involvement in the events complained of.

> A defendant may be held liable as a supervisor under § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989). "[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right." Redman [v. County of San Diego], 942 F.2d [1435] at 1447 [(9th Cir. 1991)] (internal quotation marks omitted).
>
> "The requisite causal connection can be established ... by setting in motion a series of acts by others," id. (alteration in original; internal quotation marks omitted), or by "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury," Dubner v. City & Cnty. of San Francisco, 266 F.3d 959, 968 (9th Cir.2001). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others."

/////

<u>Watkins v. City of Oakland</u>, 145 F.3d 1087, 1093 (9th Cir.1998) (internal alteration and quotation marks omitted).

<u>Starr v. Baca</u>, 633 F.3d 1191, 1196-97 (9th Cir. 2011).

Plaintiff alleges that the leak began on July 1, 2009, and was not fixed for ninety-eight days, until approximately October 7, 2009. Plaintiff further alleges that he wrote a detailed letter to defendant Taylor on August 21, 2009. Thus, the leak continued for approximately a month and a half after he notified defendant Taylor of the problem. Viewing the allegations in the light most favorable to the plaintiff, the allegations of the first amended complaint are sufficient to give rise to an inference that defendant Taylor was notified of the leaking pipe and failed to respond adequately to the information provided by plaintiff. The allegations are therefore sufficient to support an Eighth Amendment claim against defendant Taylor.

For all of the foregoing reasons, defendants' motion to dismiss should be denied and defendants should be directed to answer plaintiff's first amended complaint.

On December 22, 2010, plaintiff filed a motion in which he alleges that new policies implemented at the prison law library are limiting his right to access of court access. Plaintiff further alleges that he is pursuing administrative remedies in an attempt to resolve the matter. Good cause appearing, plaintiff's motion will be denied without prejudice to its renewal on a showing that his administrative grievances have been unreasonably denied or that he is, by reason of those policies, unable to meet a deadline set in this action.

In accordance with the above, IT IS HEREBY ORDERED that

1. The Clerk of the Court is directed to assign this action to a United States District Judge;

2. Plaintiff's December 22, 2010 motion is denied without prejudice.

3. Plaintiff's December 27, 2010 motion is denied; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' October 22, 2010 motion to dismiss be denied; and

2. Defendants be directed to answer the first amended complaint within ten days from the date of any order by the district court adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 20, 2011.

UNITED STATES MAGISTRATE JUDGE

12
mill1412.mtd