IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES M. MILLIKEN,

    Plaintiff,                              No. 2:10-cv-1412 WBS JFM (PC)

  vs.

D. LIGHTFIELD, et al.,

    Defendants.                  ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his rights under the Eighth Amendment were violated by defendants' deliberate indifference to his health and safety.

        On October 31, 2011, plaintiff filed a motion for a ninety-day extension of time to conduct discovery in this action. Plaintiff seeks leave of court to serve additional discovery requests on defendants as a follow-up to discovery responses he received from defendants. Good cause appearing, plaintiff will be granted thirty days from the date of this order in which to serve follow-up discovery requests on defendants. Defendants' responses thereto shall be served not later than forty-five days thereafter.

        On October 31, 2011, plaintiff filed a motion for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to

1

represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's motion for the appointment of counsel will therefore be denied.

On October 31, 2011, plaintiff filed a motion for leave of court to conduct depositions by written questions for ten additional witnesses, including correctional officers and a plumber. Pursuant to the discovery and scheduling order filed in this action on August 15, 2011, discovery requests were due sixty days prior to November 28, 2011, and discovery was to be completed by that date. The request for extension of discovery sought by plaintiff, <u>supra</u>, does not include a request for an extension of time to conduct deposition by written questions of non-party witnesses, and the court finds no basis in the record for extending discovery in this action to allow the requested depositions. Plaintiff's motion will be denied.

On November 29, 2011, defendants filed a motion for permission to reschedule plaintiff's deposition outside the deadline set in the August 15, 2011 scheduling order. Good cause appearing, defendants' motion will be granted. Defendants may reschedule plaintiff's deposition and conduct it so that it is completed not later than forty-five days from the date of this order.

In accordance with the above, Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 31, 2011 motion for an extension of time to conduct discovery is granted in part;

2. Plaintiff is be granted thirty days from the date of this order in which to serve follow-up discovery requests on defendants, and defendants' responses thereto shall be served not later than forty-five days thereafter;

3. Plaintiff's October 31, 2011 motion for the appointment of counsel is denied;

        4. Plaintiff's October 31, 2011 motion to conduct depositions by written questions is denied;

        5. Defendants' November 29, 2011 motion to reschedule plaintiff's deposition is granted; and

        6. Defendants may reschedule plaintiff's deposition and conduct it so that it is completed not later than forty-five days from the date of this order.

DATED: December 15, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12/md
mill1412.31+36