1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES M. MILLIKEN,

11          Plaintiff,                    No. 2:10-cv-1412-FCD-JFM (PC)

12       vs.

13   MR. LIGHTFIELD, et al.,

14          Defendants.              ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  This action is proceeding on plaintiff's first amended complaint, filed October

18   8, 2010.  Plaintiff claims that his rights under the Eighth Amendment were violated by deliberate

19   indifference to his health and safety.  This matter is before the court on plaintiff's motion to

20   compel further responses to requests for admissions and requests for production of documents

21   served on defendants in August 2011.  Defendants oppose the motion.

22          Plaintiff seeks further responses to request numbers 6, 7, 9, 15 and 16 of his first

23   request for production of documents, and to request number 10 of his second request for

24   production of documents.

25          By request number 6, plaintiff seeks "All documents generated by CSP-

26   Sacramento from 6/1/09 to 11/1/09 that correlate with" documents requested in request numbers

1

1   1-5, "(i.e. Memorandums, Briefs, Reports ect [sic]. . .)." Ex. 5 to Motion to Compel Discovery,

2   filed December 13, 2011, at 6.  Defendants objected to this request on the grounds "as vague,

3   ambiguous, overbroad and as a request for an unidentifiable document."  Ex. A to Defendants'

4   Opposition to Motion to Compel, filed December 29, 2011.  Defendants objection is well taken.

5   No further response to this request will be required.

6           By request number 7, plaintiff seeks "[a]ll documents generated by CSP-

7   Sacramentos [sic] Supervisor of Building Trades Philip Albee from 6/1/09 to 11/1/09 in relation

8   to living conditions, specifically a pipe leak between cells H-196/197 at CSP/SAC/A.S.U.

9   (including but not limited to the document generated by P. Albee on 9/25/09 when interviewing

10  Inmate Soto-J00959 regarding the leaky pipe chase between cells H-196/197)."  Ex. 5 to Motion

11  to Compel, at 6.  Defendants objected to this request and also informed plaintiff that no such

12  documents exist.  See Ex. A to Opposition, at 1.  Plaintiff contends that he saw P. Albee conduct

13  an interview with inmate Soto and take handwritten notes; he also cites to a response to inmate

14  Soto's administrative appeal that indicates that P. Albee "interviewed inmate Soto and discussed

15  the issue."  Ex. 1 to First Amended Complaint.

16          Neither party has included a copy of defendants' responses to the requests for

17  production of documents, and it is not clear on the record whether defendants have provided

18  plaintiff with a verified response to this request.  In view of plaintiff's representation that he

19  witnessed P. Albee taking handwritten notes on 9/25/09 while interview inmate Soto about the

20  leaky pipe chase, and good cause appearing, defendants will be granted a period of ten days in

21  which to file verification that no such notes existed on or after the date on which plaintiff served

22  his first request for production of documents on defendants.

23          By request number 9, plaintiff seeks production of "[t]he names, rank. and contact

24  information of all staff members who responded to the scene where [he] fell on 8/31/09 and all

25  documents created by them as a result of their response to the scene."  Ex. 5 to Motion to

26  Compel, at 7.  Defendants informed plaintiff that this information was in his medical file and, in

1  a letter dated December 12, 2011, represented that defense counsel would "look for the 7219 and

2  any other document that may exist." Ex. A to Opposition, at 2.  Good cause appearing,

3  defendants will be directed to inform the court in writing within ten days whether any additional

4  documents responsive to this request have been produced to plaintiff and if not, why not.

5             By request number 15, plaintiff seeks "shower records from CSP-Sacramento

6  A.S.U for cell H-196 from 6/1/09 to 11/1/09." Ex. 5 to Motion to Compel, at 8.  Defendants

7  objected to this request on the ground that the evidence sought was not relevant and not likely to

8  lead to the discovery of admissible evidence.  See Ex. A to Opposition, at 2.  Plaintiff contends

9  these records will corroborate his testimony that the leak forced him to choose between safety

10  and hygiene and that he therefore skipped showering on a regular basis during this period.

11  Motion to Compel at 9.  Plaintiff's request for written records of how often he took showers

12  during the relevant period is reasonably designed to lead to the discovery of admissible evidence.

13  Defendants shall produce documents responsive to this request to plaintiff within ten days.

14             By request number 16, plaintiff seeks "a post order for defendants Lightfield,

15  Lewis and Taylor." Ex. 5 to Motion to Compel, at 8.  Defendants have informed plaintiff that

16  there are no post orders for defendant Taylor.  See Ex. A to Opposition, at 2.  Defendants have

17  also informed plaintiff both that the post orders of defendants Lightfield and Lewis "are not

18  relevant and will not lead to the discovery of admissible evidence" because the legal obligations

19  of said defendants relevant to this action are set out in Osolinsky v. Kane, 92 F.3d 934 (9th Cir.

20  1996), and that the post orders would state the supervisory responsibilities of said defendants

21  and, if that is what plaintiff was looking for, counsel would "do what [he] can to get them." Id.

22  Within ten days from the date of this order, counsel for defendants shall inform the court in

23  writing whether post orders for defendants Lightfield and Lewis have been provided to plaintiff

24  and if not, why not.

25             By request number 10 of his second request for production of documents, plaintiff

26  seeks "a diagram of CSP-Sacrament A.S.U H-Pod (including showers)." Ex. 6 to Motion to

1   Compel, at 3.  Defendants object to producing this document on the ground that it would pose a

2   security threat at the prison.  See Ex. A to Opposition, at 4.  Plaintiff contends that he needs the

3   evidence to prove that the water leak was between his cell and the shower and the only way to get

4   to the shower from plaintiff's cell was to walk past the water leak.  It is undisputed that plaintiff

5   slipped in water that was leaking in an area between plaintiff's cell and the shower.  See

6   Defendants' Statement of Undisputed Facts in Support of Motion for Summary Judgment, filed

7   February 17, 2012, at, e.g., Facts 22, 23, and 27.  Defendants will not be required to produce any

8   documents in response to this request.

9          Plaintiff also seeks to compel further responses to request numbers 1 and 10 of

10  plaintiff's first request for admissions, and requests 6 through 22 of plaintiff's second request for

11  admissions.  By request number one, plaintiff seeks an admission that an inmate request for

12  interview dated August 21, 2009 addressed to R. Taylor is genuine.  According to plaintiff,

13  defendants responded that they were neither able to admit or deny the authenticity of the

14  document because copies of such documents "are not normally retained as a matter of course."

15  Motion to Compel, at 12.  Defendants contend that they do not have the original of this document

16  in their possession and therefore cannot verify its authenticity.  Opposition, at 4.  Defendants'

17  response is sufficient and no further response will be required.

18         By request number 10, plaintiff seeks an admission that the repair to the leaky

19  pipe chase was completed on October 6, 2009.  Motion to Compel, at 10.  In their opposition to

20  the motion, defendants, inter alia, represent that counsel informed plaintiff that he would find out

21  what he could from defendants about the repair date.  Opposition, at 5.  Good cause appearing,

22  within ten days from the date of this order counsel for defendants shall inform the court in

23  writing whether the repair date has been provided to plaintiff and if not, why not.

24         By requests 6 through 22 of plaintiff's second request for admissions, plaintiff

25  seeks to compel defendants to admit the authenticity of medical records.  Defendants did not

26  admit the authenticity of these records because they are not custodians of the records, don't

1  generate them, and haven't seen them.  Ex. A to Opposition, at 4.  It is not defendants'

2  responsibility to authenticate plaintiff's evidence for plaintiff.  Defendants will not be required to

3  respond further to this request.

4          In accordance with the above, IT IS HEREBY ORDERED that:

5          1.  Plaintiff's December 13, 2011 motion to compel is granted in part, as follows:

6          a.  Defendants are granted ten days from the date of this order to file and

7  serve verification that no notes responsive to request number 7 of plaintiff's first request for

8  production of documents existed on or after the date on which plaintiff served said request on

9  defendants.

10          b.  Within ten days from the date of this order defendants shall inform the

11  court in writing within ten days whether any additional documents responsive to request number

12  9 of plaintiff's first request for production of documents have been produced to plaintiff and if

13  not, why not.

14          c.  Within ten days from the date of this order defendants shall produce all

15  documents responsive to request number 15 of plaintiff's first request for production of

16  documents.

17          d.  Within ten days from the date of this order, counsel for defendants shall

18  inform the court in writing whether post orders for defendants Lightfield and Lewis have been

19  provided to plaintiff and if not, why not.

20  /////

21  /////

22  /////

23  /////

24  /////

25  /////

26  /////

1           e.  Within ten days from the date of this order counsel for defendants shall

2    inform the court in writing whether counsel has confirmed the repair date in response to request

3    number 10 of plaintiff's first request for admissions and if not, why not.

4           2.  In all other respects, plaintiff's December 13, 2011 motion to compel is denied.

5    DATED: March 30, 2012.

6

7                  UNITED STATES MAGISTRATE JUDGE

8

9    12

10   mill1412.mtc

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26