1

2

3

4

5

6

7

8

9                      IN THE UNITED STATES DISTRICT COURT

10                    FOR THE EASTERN DISTRICT OF CALIFORNIA

11   JAMES M. MILLIKEN,

12                  Plaintiff,                    No. 2:10-cv-1412-FCD-JFM (PC)

13          vs.

14   MR. LIGHTFIELD, et al.,

15                  Defendants.              ORDER

16   _____/

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

18   42 U.S.C. § 1983.  This action is proceeding on plaintiff's first amended complaint, filed October

19   8, 2010.  Plaintiff claims that his rights under the Eighth Amendment were violated by deliberate

20   indifference to his health and safety.

21          On February 17, 2012, defendants filed a motion for summary judgment.  On

22   March 7, 2012, plaintiff filed a motion pursuant to Fed. R. Civ. P. 56(d) to postpone

23   consideration of defendants' pending motion for summary judgment until completion of

24   discovery in this action.  Plaintiff sought postponement on the ground that there were several

25   discovery matters still pending, including a motion to compel filed by plaintiff on December 13,

26   /////

1

1  2011, two depositions by written questions, and three sets of interrogatories served by plaintiff on

2  December 28, 2011.

3  By order filed April 12, 2012, the court granted plaintiff's Rule 56(d) request.

4  The April 12, 2012 order, noted, <u>inter alia</u>, that by order filed October 4, 2011, plaintiff had been

5  granted leave to depose by written questions inmates William Sylvester and Sergio Soto, but that

6  the record did not reflect the filing of those questions despite plaintiff's assertion that he had filed

7  said proposed questions on October 26, 2011.  Plaintiff was granted ten days to file proof that he

8  timely mailed those proposed questions to the court.

9  On April 16, 2012, plaintiff filed a copy of a mail log and he has highlighted mail

10  he sent to this court on October 27, 2011.  Review of the record shows that on October 31, 2011,

11  three motions and a letter from plaintiff were entered on the docket in this action.  One of those

12  was a motion for appointment of counsel, entered as Docket No. 37.  Review of Docket No. 37

13  shows that plaintiff's proposed questions to inmates Sylvester and Soto are included at pages 30

14  to 37 of that document.  Good cause appearing, the Clerk of the Court will be directed to file

15  those proposed questions as a separate docket entry.  The court will, by this order, reset the

16  schedule for conducting said depositions by written questions.

17  In light of the foregoing, defendants' February 17, 2012 motion for summary

18  judgment will be denied without prejudice to its renewal by the new deadline for dispositive

19  motions to be set in this order.

20  On April 4, 2012, plaintiff filed a motion for access to the prison law library.  By

21  order filed April 19, 2012, defendants were directed to file a response to said motion.  After

22  review of plaintiff's motion and defendants' response thereto and good cause appearing,

23  plaintiff's motion will be denied without prejudice to its renewal should plaintiff be denied

24  reasonable access to the prison law library at any point during this action when he is subject to

25  any specific deadline for filing documents with the court.

26  /////

2

1     In accordance with the above, IT IS HEREBY ORDERED that:

2     1.  The Clerk of the Court is directed to remove the proposed written questions for

3  direct examination of inmates William Sylvester and Sergio Soto from the document docketed as

4  a memorandum at Docket No. 37 and docket those proposed questions as a separate docket entry

5  nunc pro tunc to October 31, 2011;

6     2.  Defendants may object to the proposed direct questions and submit proposed

7  written questions for cross-examination within the next thirty days;

8     3.  Plaintiff may file objections to proposed cross-examination questions within

9  fourteen days thereafter;

10     4.  Upon determination of permissible questions by the court, the Clerk shall

11  forward copies of the questions, as appropriate, to inmates Sylvester and Soto;

12     5.  Upon receipt of the questions, inmates Sylvester and Soto shall write out their

13  answers in the form provided by plaintiff and return them to the court no later than fourteen days

14  after service by the Clerk;

15     6.  Upon receipt of the answers, the Clerk shall serve the parties with copies of the

16  answers;

17     7.  The parties shall inform the court forthwith whether they wish to depose

18  inmates Sylvester and Soto further by redirect and/or recross-examination questions and upon

19  such notification the court will make provision for further questioning;

20     8.  Defendants' February 17, 2012 motion for summary judgment is denied

21  without prejudice to its renewal following completion of the depositions by written questions of

22  inmates Sylvester and Soto;

23     9.  Except for completion of the depositions by written questions of inmates

24  Sylvester and Soto, discovery is closed in this action;

25     10.  The deadline for filing dispositive motions in this action is reset to September

26  28, 2012; and

1          11.  Plaintiff's April 4, 2012 motion for library access is denied without prejudice.

2     DATED: June 18, 2012.

3

4                                    _____
                                     UNITED STATES MAGISTRATE JUDGE
5

6     12
      mill1412.o
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4